**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH**

| | | |
|---|---|---|
| DAVID E. FERRARA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2: 21-cv-0738 |
| | ) | |
| vs. | ) | |
| | ) | Chief United States Magistrate Judge |
| BERNADETTE MASON, Superintendent; | ) | Cynthia Reed Eddy |
| THE DISTRICT ATTORNEY OF | ) | |
| JEFFERSON COUNTY, AND THE | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**[1]

Pending before the Court is the Motion to Dismiss Habeas Corpus Petition filed by Respondents (ECF No. 18), to which Petitioner has responded in opposition (ECF Nos. 30, 31, 32, and 39). For the reasons that follow, the motion will be granted, the petition for a writ of habeas corpus will be dismissed with prejudice as untimely, and a certificate of appealability will be denied.

**I.      Factual and Procedural Background**

Petitioner, David E. Ferrara ("Petitioner" or "Ferrara"), is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Jefferson County on June 20, 2007, at Criminal Docket No CP-33-CR-0000486-2005. On September 18, 2006, a jury found Ferrara guilty of sexual assault, involuntary deviate sexual intercourse, statutory sexual assault, and

---

[1]      Pursuant to 28 U.S.C. § 636(b)(1), the parties have voluntarily consented to have this case heard by a magistrate judge. (ECF Nos. 20 and 24).

aggravated indecent assault.  At the time the crimes were committed, Ferrara was thirty years old and the victim was thirteen years old.  On June 20, 2007, Ferrara was sentenced to an aggregate sentence of twenty (20) to forty (40) years imprisonment. For over a decade, through direct appeals, collateral review proceedings, and now this federal habeas case, Ferrara has challenged his judgment of sentence.

Ferrara filed a timely direct appeal, and the Superior Court of Pennsylvania affirmed the judgment of sentence on April 20, 2009. *Commonwealth v. Ferrara,* 974 A.2d 1180, 2153 WDA 2007 (Pa. Super. 2009) (unpublished memorandum).  The Pennsylvania Supreme Court denied Ferrara's petition for allowance of appeal ("PAA") on October 1, 2009.  *Commonwealth v. Ferrara*, 981 A.2d 217, 230 WAL 2009 (Pa. 2009).  Ferrara did not petition for a writ of certiorari with the Supreme Court of the United States.

Prior to the conclusion of his direct appeal, Ferrara filed a number of pleadings accepted by the trial court under the Pennsylvania Post-Conviction Relief Act ("PCRA"), which were ordered to be stayed until the conclusion of direct review.  (*See* docket entry of 12/21/07 – ECF No. 18-7 at 62).  At the conclusion of direct review, the PCRA court appointed counsel to represent Ferrara in his pursuit of collateral relief.  Throughout the PCRA process, despite having counsel, Ferrara filed numerous pro se documents with the PCRA court.  On May 18, 2010, counsel filed a *Turner/Finley* no-merit letter and a motion to withdraw.  (ECF No. 18-8).  The PCRA court granted counsel's request to withdraw and on June 17, 2010, denied Ferrara's request for PCRA relief.  On April 19, 2011, the Superior Court affirmed the PCRA court's denial of the PCRA petition (ECF No. 18-10)  and on November 29, 2011, Ferrara's PAA was denied by the Pennsylvania Supreme Court. Ferrara's motion for reconsideration was denied on December 29, 2011.  *See* Supreme Court

of Pennsylvania Docket, ECF No. 18-11.  Ferrara did not petition for a writ of certiorari with the Supreme Court of the United States.

Thereafter, between 2012 and 2021, Ferrara filed at least four additional PCRA petitions, all of which were denied as untimely by the state courts,[2] and numerous other documents with the state courts. (*See* ECF Nos. 18-12, 18-13, 18-14, and 38).  In January 2021, Ferrara filed an Application for Leave to File Original Process, Petition for Writ of Habeas Corpus and Application for Immediate Hearing on Petition for Writ of Habeas Corpus with the Supreme Court of Pennsylvania. (ECF 38-1 at 2).  On April 6, 2021, the Supreme Court of Pennsylvania granted the Application for Leave to File Original Process and summarily denied the Petition for Writ of Habeas Corpus and Application for Immediate Hearing on Petition for Writ of Habeas Corpus. (ECF No. 38-1 at 6).

The Court will give Ferrara the benefit of the prison mailbox rule, and deem the federal habeas petition filed on May 18, 2021, the date Ferrara signed the petition. (ECF No. 1 at 8).[3] Ferrara raises eight grounds for habeas relief:  two claims of ineffective assistance of counsel (Claims 1 and 2); five claims of prosecutorial misconduct (Claims 3, 4, 6, 7, and 8); and one claim of error by the sentencing court (Claim 5). On October 14, 2021, Respondents filed the instant motion to dismiss in lieu of an answer arguing that the instant federal petition is untimely under

---

[2]     This Court is bound by the state courts' determination that Ferrara's PCRA petitions were untimely. *See Sistrunk v. Rozum*, 674 F.3d 181, 189 (3d Cir. 2012). The PCRA has its own one-year statute of limitations, which is codified at 42 Pa. Cons. Stat. § 9545(b).  Unlike AEDPA's one-year statute of limitations, the PCRA's one-year statute of limitations is jurisdictional. *See Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

[3]     Pursuant to the prison mailbox rule, the petition is deemed filed at the time the petition is placed in the prison legal mail  system. *Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.")*.*

28 U.S.C. § 2244(d). (ECF No. 18).  Ferrara has submitted multiple documents in response to the

motion.  (ECF Nos. 30, 31, 32, and 39).  The motion is ripe for consideration.

II.    **Time Period for Filing Federal Habeas Corpus Petitions**

The first consideration in reviewing a federal habeas corpus petition is whether the petition

was timely filed under the one-year limitations period applicable to such petitions. In this regard,

the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996),

which provides as follows.

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Ferrara's judgment of sentence became final on December 30, 2009, when his time to file a petition for writ of certiorari with the Supreme Court of the United States expired.  Therefore, for all the claims raised in this habeas petitioner, the "trigger" date for purposes of the one-year period under § 2244(d)(1)(A) is December 30, 2010.  Ferrara failed to file his federal habeas petition until May 18, 2021.  The instant petition, therefore, is untimely unless statutory tolling, equitable tolling, or an alternative start date renders it timely.

       1.     Statutory Tolling

As noted above, prior to the conclusion of his direct appeal, Ferrara filed a number of pleadings accepted by the trial under the PCRA, which were ordered to be stayed until the conclusion of direct review.  (*See* docket entry of 12/21/07 – ECF No. 18-7 at 62).   As a result, no time passed between the time Ferrara's judgment of sentence became final and the filing of the PCRA petition which would run against the time limited imposed under § 2244(d)(1)(A).

The federal habeas corpus statute, as amended by AEDPA, specifically provides that only "properly filed" applications for State post-conviction or other collateral review can toll the one-

year limitations period. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that an untimely filed Pennsylvania PCRA petition was not a "properly filed application" under AEDPA). Ferrara's timely PCRA petition was denied on May 24, 2010 by the PCRA court. The Superior Court affirmed the denial on April 19, 2011, and the Pennsylvania Supreme Court denied the PAA on November 29, 2011. Ferrara filed a motion for reconsideration, which was denied on December 28, 2011. The AEDPA one-year clock started the next day. The time period that Ferrara spent pursuing additional PCRA petitions, all of which were found to be untimely, did not toll his one-year limitations period under AEDPA.

Moreover, nothing in the record before this Court indicates that Ferrara is entitled to take advantage of any of the other provisions triggering the one-year limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). For example, Ferrara does not argue that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). And he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

2.      Equitable Tolling

The habeas limitations period can be tolled in rare circumstances when "principles of equity would make [its] rigid application unfair." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80. 89 (3d Cir. 2013). There is no indication in the record that the doctrine of equitable tolling should be applied. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled, the United States Court of Appeals for the Third Circuit has held that "courts should be sparing in their use of the doctrine"

6

and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "This conjunctive standard requires showing both elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Equitable tolling is warranted " 'only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice'." *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004) (*quoting Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013).

The Court finds that Ferrara has not met his burden of demonstrating that he is entitled to equitable tolling. He has not shown that he was diligent in filing his federal habeas corpus petition, and he has not directed this Court to anything that would qualify as an "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. Ferrara has not shown that this is one of those "rare situations," *Sistrunk*, 674 F.3d at 190, in which equity permits tolling. As a consequence, the motion to dismiss will be granted and the petition for writ of habeas corpus will be denied with prejudice.

## III.    Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.

It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Applying this standard here, the Court concludes that jurists of reason would not find it debatable that the claims in the petition are time-barred and that Ferrara is not entitled to equitable tolling. Consequently, a certificate of appealability will be denied.

## IV.    Conclusion

For these reasons, the motion to dismiss will be granted and the petition for writ of habeas corpus will be denied with prejudice. Further, a certificate of appealability will be denied. An appropriate Order follows.

Dated:  December 20, 2021

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge


cc:    DAVID E. FERRARA
       EM 3102
       SCI-MAHANOY
       301 MOREA ROAD
       FRACKVILLE, PA 17932
       (via U.S. First Class Mail)

       Jeffrey D. Burkett
       District Attorneys Office – Jefferson County Courthouse
       (via ECF electronic monitoring)